**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

RANDALL CARLEY,

            Plaintiff,

v.                                  CIVIL ACTION NO.  3:16-cv-10034

NANCY A. BERRYHILL,
Acting Commissioner of Social Security

            Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Randall Carley, instituted this action under 42 U.S.C. § 405(g) on October 15, 2015, seeking judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB"). By standing order, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, who filed her Proposed Findings and Recommendations ("PF&R") on July 28, 2017. *Proposed Findings & Recommendations*, ECF No. 14. Judge Eifert recommends that this Court grant the Commissioner's motion for judgment on the pleadings, deny Plaintiff's motion for judgment on the pleadings, and dismiss this case with prejudice.

Plaintiff filed objections to the PF&R on August 10, 2017, which the Court will assess under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C).

**I.      Background**

On June 19, 2013, Plaintiff brought his claim alleging disability due to multiple conditions. The Commissioner denied Plaintiff's application both initially and upon reconsideration. *Decision*

1

*of ALJ*, ECF No. 8-2, at 1; *Tr. of Oral Hr'g on June 5, 2015*, ECF No. 8-3, at 3. After a hearing requested by Plaintiff, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled as defined by the Social Security Act. *Decision of ALJ*, at 4-14. In a written decision dated July 20, 2015, the ALJ determined that Plaintiff suffers from several severe impairments including, coronary artery disease, status post myocardial infarction and stent placement with high blood pressure, lumbar degenerative disc disease and degenerative join disease, chronic obstructive pulmonary disease, borderline intellectual functioning ("BIF")/ learning disorder, and affective disorder. *Id*. at 3-4. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of those listed in 20 CFR Part 404, Subpart P, Appendix 1. Additionally, the ALJ found that Plaintiff retains "the residual functional capacity to perform sedentary work" and that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Decision of ALJ*, at 6-13. Based upon these findings, the ALJ denied Plaintiff's application for DIB.

Plaintiff challenged the ALJ's decision, and contended that the ALJ improperly determined that his cognitive functioning did not meet or equal the standard for an intellectual disorder in Listing 12.05. The Appeals Council denied the request for review on September 21, 2016, rendering the ALJ decision final.

The PF&R contains a thorough analysis of relevant information regarding Plaintiff's person, medical, and procedural history. Plaintiff maintains the same objections to the PF&R as he did to the ALJ's decision.

## II.     Standard of Review

This Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made."   28 U.S.C. §

636(b)(1).  The scope of this Court's review of the Commissioner's decision, however, is narrow: this Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing 42 U.S.C. § 405(g) (providing "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (other citation omitted)).  Substantial evidence is "more than a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In conducting this review, this Court also must address whether the ALJ analyzed all of the relevant evidence and sufficiently explained her rationale in crediting or discrediting certain evidence.  *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998); *see, e.g.*, *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because ALJ did not adequately explain why he credited one doctor's views over those of another).  It is the ALJ's duty, however, not the courts, "to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted).  If there is conflicting evidence and reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision.  *Craig*, 76 F.3d at 589 (citation omitted).  "The issue before [this Court], therefore, is not whether [Petitioner] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id*. (citation omitted).

Applying these standards, the Court has reviewed *de novo* those portions of the PF & R to which the Commissioner objected.  For the reasons set forth below, the Court **ADPOTS AND**

**INCORPORATES HEREIN** the PF & R of the Magistrate Judge, **DENIES** Plaintiff's motion for judgment on the pleadings, **GRANTS** the Commissioner's motion for judgment on the pleadings, and **DISMISSES WITH PREJUDICE** this case from the docket.

### III.    Discussion

The PF&R provides a detailed and well-articulated reasoning for concluding that the ALJ's decision was supported by substantial evidence. Judge Eifert explained that, viewed as a whole, the ALJ's findings were based upon a complete examination of the record. *Proposed Findings & Recommendations*, at 15-27. The ALJ concluded that Plaintiff did not demonstrate the necessary deficits to satisfy Listing 12.05. *Decision of ALJ*, at 6. In reaching his conclusion, the ALJ did not ignore contrary evidence. The ALJ recognized that the Plaintiff's records reflected some cognitive limitation. *Proposed Findings & Recommendations*, at 22; *Decision of ALJ*, at 6-7, 10-12. But, the evidence of Plaintiff's sufficient adaptive functioning led the ALJ to conclude that Plaintiff did not satisfy Listing 12.05. *Decision of ALJ*, at 6-7. Specifically, the ALJ based his conclusion upon evidence in the record that the Plaintiff "performs many activities of daily living including performing his own personal care . . . , performed well at manual labor jobs for many years . . . , [and] reported in 2013 that he could follow spoken instructions, count change, and manage money orders." *Id*. at 6.

Plaintiff contends that the weight of the evidentiary record supports a finding that he demonstrated the necessary deficits to satisfy Listing 12.05. *Pl.'s Obj. to Proposed Findings and Recommendation*, ECF No. 15, at 3. He argues that the ALJ relied upon "shallow [and] insignificant evidence to support his decision." *Id*. at 1. According to Plaintiff, that he "can perform deminimus [sic] activities" should not disqualify him from satisfying the requirements under

Listing 12.05. *Id*. at 2. Contrary to Plaintiff's contentions, the ALJ found that Plaintiff exhibited adaptive functioning sufficient to not qualify under Listing 12.05.

A claimant must satisfy three prongs to demonstrate that his or her limited cognitive functioning meets or equals the listed impairment of intellectual disability under Listing 12.05. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, §12.05; *see also Hancock v. Astrue*, 667 F.3d 470, 473 (4th Cir. 2012) (outlining the requirements for Listing 12.05). First, a claimant must demonstrate "deficits in adaptive functioning initially manifesting during the developmental period . . . before age 22" ("Prong 1"). *Id*. Second, claimant must meet the requirements in one of four paragraphs, known as Paragraphs A-D. *Id*. In this case, Plaintiff sought to show that he met the requirements under Paragraph C. Under Paragraph C, a claimant must have a qualifying "valid verbal, performance, or full scale IQ of 60 through 70" ("Prong 2"). *Id.* Finally, a claimant must show "a physical or other mental impairment imposing an additional and significant work-related limitation of function" ("Prong 3"). *Id*. If a claimant does not satisfy any one of these prongs, the claim fails. *See Hancock*, 667 F.3d at 475.

As more thoroughly explained in the PF&R, the ALJ found that Plaintiff failed to satisfy the requirements of Prong 1. Although somewhat opaque in its composition, the ALJ's decision provides an adequate discussion of the record to support the finding that Plaintiff did not have the necessary deficits in adaptive functioning to meet Prong 1. *Decision of ALJ*, at 6, 10-12. Adaptive functioning generally refers to how well individuals cope with everyday demands. *See Dearry v. Astrue*, 2:11-CV-27, 2012 WL 1165332, at *5 (W.D. Va. Apr. 9, 2012) (quoting Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 42 (4th Ed. 1994)). The Fourth Circuit has provided that when determining deficits in adaptive functioning, an ALJ may consider "limitations in areas such as communication, self-care, home living, social/interpersonal skills, use

of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Jackson v. Astrue*, 467 Fed. App'x 214, 218 (4th Cir. 2012) (unpublished) (citing *Atkins v. Va.*, 536 U.S. 304, 309 n.3 (2002)). In determining that Plaintiff did not demonstrate the deficits in adaptive functioning necessary to meet Prong 1, the ALJ cited to Plaintiff's ability to perform many "activities of daily living," his satisfactory job performance for many years, and Plaintiff's admissions that he could follow spoken instructions, count change, and manage money orders. *Decision of ALJ*, at 6.

Furthermore, the ALJ discussed the totality of evidence regarding Plaintiff's mental impairments later in the decision. The ALJ explored the litany of difficulties claimed by Plaintiff. He detailed the social, intellectual, and practical challenges Plaintiff faces. Specifically, the ALJ cited to the Plaintiff's limitations in reading and writing, completing household chores, dealing with other people, focusing, and following instructions. *Id.* at 6-7, 10-12. The ALJ even found that Plaintiff had both "moderate limitations" in the areas of social functioning, concentration, and persistence, and "mild limitations" in the area of daily living activities. *Id.* 11-12. Additionally, the ALJ explained the findings and opinions of Emily Wilson, MA, LP, who examined Plaintiff. Ms. Wilson opined that Plaintiff "had mildly deficient social functioning and his pace was mildly slow." *Id.* at 11. Finding Ms. Wilson's opinions well supported by the record, the ALJ gave them weight in reaching his conclusions. *Id.*

Despite this evidence of certain cognitive limitations, the ALJ found that Plaintiff still maintained the ability to read at a fourth or fifth grade level and write lists for simple tasks; do simple math; learn and apply simple and clear instructions of no more than three or four steps; and "get along with coworkers and the retail public, but is limited to routine and perfunctory social interactions." *Id.* at 12. The ALJ based his findings upon Plaintiff's testimony that he goes to the

post office, goes to social functions, reads, writes, count change, pay bills, does some chores, and generally succeeded in his employment for many years. *Id.* at 6, 10-12. Indeed, the record suggests that Plaintiff "performs most activities of daily living fairly independently." Tr. 420[1], ECF No. 8-13. Thus, the ALJ's finding that Plaintiff did not demonstrate the necessary deficits in adaptive functioning is based upon substantial evidence found in the record. *See Jones v. Barnhart*, 364 F.3d 501, 504-05 (3d. Cir. 2004) (providing in the context of administrative proceedings under the Federal Black Lung Act, an ALJ's decision may appropriately be "read as a whole").

The ALJ's consideration of not only Plaintiff's abilities, but also his limitations constitutes a satisfactory analysis of the record. Discussion of Plaintiff's admitted abilities to perform everyday tasks provides "more than a mere scintilla" of evidence to support the ALJ's conclusion. *See Richardson*, 402 U.S. at 401 (describing what is needed to satisfy the substantial evidence requirement). Although reasonable minds could differ about whether or not Plaintiff meets the conditions of Listing 12.05, it is not the place of this Court to reweigh the evidence. *Craig*, 76 F.3d at 589. The ALJ is tasked with both resolving conflicts in the record and making determinations of credibility. *Johnson v. Barnhart*, 434 F.3d 650, 652 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Consistent with his adjudicatory duties, the ALJ reasonably resolved the conflict in evidence regarding the extent of Plaintiff's cognitive functioning by finding that Plaintiff failed to demonstrate the necessary deficits under Listing 12.05. Accordingly, this Court finds that the ALJ's determination that Plaintiff did not demonstrate the necessary deficits in adaptive functioning under Listing 12.05 was based upon substantial evidence.

---

[1] Citations to "Tr. __" refer to the administrative record and the omnibus numbering provided for that record.

Additionally, Plaintiff rightfully points out the ALJ's error in finding that Plaintiff lacked the required IQ score to satisfy Listing 12.05C. *Pl.'s Obj. to Proposed Findings and Recommendation*, at 1. However, because the ALJ's conclusion that Plaintiff failed to demonstrate the necessary deficits in adaptive functioning is supported by substantial evidence, the IQ score error is a harmless one. *See Hancock*, 667 F.3d at 475 ("As previously noted, [Plaintiff] can prevail only if she establishes that the ALJ erred in his analysis of Prong 1 and Prong 2. Therefore, even if the ALJ's finding concerning Prong 2 of Listing 12.05C did not rest on substantial evidence, we would still be required to affirm the ALJ's decision if his finding with regard to Prong 1 was based on substantial evidence.").

## IV. Conclusion

It is the job of this Court not to decide the case, but instead to ensure that the ALJ has based his or her conclusion sufficiently upon the factual record. In this case, the ALJ made his determination with sufficient analysis of, and support from, the evidentiary record.

Therefore, having received the PF&F and Plaintiff's objections, and having reviewed the record *de novo*, it is **ORDERED**:

1. That the PF&R be, and hereby is, **ADOPTED AND INCORPORATED HEREIN**;

2. That the Petitioner's motion for judgment on the pleadings is **DENIED**;

3. That the Commissioner's motion for judgment on the pleadings is **GRANTED**; and

4. That this matter is **DISMISSED WITH PREJUDICE** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Eifert, counsel of record, and any unrepresented parties.

ENTER:      September 8, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE